**551**

UNITED STATES of America,
Plaintiff—Appellee,

v.

Eduardo ARMSTRONG–DAVILA,
Defendant—Appellant.

No. 05–50767.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2006.*

Decided Sept. 15, 2006.

Before: PREGERSON, T.G. NELSON,
and GRABER, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

U.S. Attorneys Office, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Joseph Milchen, Esq., Frank & Milchen, San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM **

Eduardo Armstrong–Davila appeals from his bench-trial conviction for bringing an illegal alien into the United States for financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii).

▮ Armstrong–Davila contends that he is not liable under an aider and abettor theory· because the Government did not expressly make this charge in the indictment. However, this court has held, in *United States v. Gaskins*, that "all indictments for substantive offenses must be read as if the alternative provided by 18 U.S.C. § 2 were embodied in the indictment." 849 F.2d 454, 459 (9th Cir.1988) (internal quotation omitted).

Armstrong–Davila also contends that there is insufficient evidence to convict him under an aider and abettor theory. We conclude, after viewing the testimony of Martha Cruz–Martinez in the light most favorable to the Government, that a reasonable factfinder could have found that Armstrong–Davila specifically intended to aid and abet an alien-smuggling scheme. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

▮ Armstrong–Davila finally contends that the district court abused its discretion by admitting Cruz–Martinez's testimony. We reject this contention.

This court has held that "statements made to keep a conspirator abreast of a co-conspirator's activities, or to induce continued participation in a conspiracy, or to allay the fears of a co-conspirator are in furtherance of a conspiracy." *United States v. Layton*, 720 F.2d 548, 557 (9th Cir.1983). Here, one could reasonably infer that the statements by Cruz–Martinez's husband were in furtherance of a conspiracy because they were made to keep a co-conspirator abreast of his activities. Accordingly, the statements were not inadmissible hearsay. *See id.*

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.